IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-70,198-01 & -02






EX PARTE JEROME ANTHONY MICHAEL SMITH, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 56344 & 56036 IN THE 27TH DISTRICT COURT


FROM BELL COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts
of engaging in organized criminal activity and was sentenced to two terms of ninety-nine years'
imprisonment. The Third Court of Appeals affirmed his convictions. Smith v. State, Nos. 03-05-00087-CR & 03-05-00088-CR (Tex. App.-Austin, June 15, 2006, pets. ref'd).

 Applicant contends that trial counsel rendered ineffective assistance because they did not
request a jury instruction pursuant to Tex. Code Crim. Proc. art. 38.14. Applicant also contends that
appellate counsel rendered ineffective assistance because he did not raise trial court error and legal
insufficiency and properly argue factual insufficiency. 

 The trial court entered findings of fact and conclusions of law and recommended that we
deny Applicant's claims. We believe, however, that the record is not sufficient to resolve Applicant's
claims. Accordingly, the trial court shall make further findings of fact as to what corroborating
evidence, if any, tended to connect Applicant with these offenses. Tex. Code Crim. Proc. art. 38.14.
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall then make further findings of fact as to whether the performance of trial
and appellate counsel was deficient and, if so, whether Applicant was prejudiced. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claims for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: August 20, 2008

Do not publish